WILLIAM G. ALDEN

*vs.*

CAMDEN ANCHOR-ROCKLAND MACHINE COMPANY.

Knox County. Decided July 14, 1911. See *Alden* v. *Camden Anchor-Rockland Machine Company*, 107 Maine, 508. In that case it was held (1) that the note declared on was not admissible under the declaration as drawn and (2) that the declaration was amendable by filing a new count "setting out the entire contract made by the parties." At a subsequent term of court, the plaintiff filed a new count to his writ as follows, and asked to have it allowed : "Also for that the said defendant at said Rockland, on the 13th day of July A. D. 1904, for a valuable consideration promised the plaintiff to pay him or his order the sum of five thousand dollars, ($5,000) according to the terms of a written contract by it signed and delivered to the said plaintiff on said date, of the following tenor, to wit : (Here follows a copy of the note and indorsement, as the same appear in 107 Maine, supra.) "And the plaintiff avers that said preferred stock referred to in said contract was not sold within said twelve months to pay said note at its maturity and that said note was not called for payment at its maturity but that the time for payment thereof was extended for twelve months thereafter, and the plaintiff further says that said preferred stock was not sold to pay said note within said further time of twelve months after its maturity, and that said twelve months and said further time of twelve months after the maturity of said note have long since elapsed, yet the defendant, though requested, has not paid the same."

The amendment was allowed and the defendant excepted. The rescript says : "An examination of the new count indicates that it is drawn strictly in accordance with the opinion of this court already referred to. The action of this court in the premises was taken by reason of the express agreement of the parties submitting the question of amendment to its consideration. It is unnecessary for us to repeat that that amendment is allowable.

"The amendment introduces no new parties, nor is there any other objection to the new count open upon these exceptions.   In answer to defendant's criticism, we may add that if the note, as now declared on, was not transferable by indorsement, the signatures of the plaintiff and Georgianna Alden endorsed upon the note are mere surplusage.   If, on the other hand, it could be so transferred, the indorsee has indorsed the note in blank and presumably to the present holder, the plaintiff."   *White & Carter,* for plaintiff. *J. H. Montgomery,* for defendant.